UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) No. 3:16-00154 |
| v. | ) |
| | ) 18 U.S.C. § 1344 |
| KIRK DOUGLAS WEST, | ) 18 U.S.C. § 982 |
| aka KIRK R. LEIPZIG | ) |

FILED
U.S. DISTRICT COURT
MIDDLE DISTRICT OF TENN.
JUL 0 7 2016
BY _____
DEPUTY CLERK

## INFORMATION

### COUNTS ONE AND TWO

THE UNITED STATES ATTORNEY CHARGES:

At all times relevant to this information:

1. Reliant Bank was a financial institution with deposits insured by the Federal Deposit Insurance Corporation, within the meaning of Title 18, United States Code, Section 20, and for purposes of Title 18, United States Code, Section 1344.

2. **KIRK DOUGLAS WEST, aka Kirk R. Leipzig,** was a resident of Williamson County, Tennessee, and employed as a real estate investor.

3. Beginning on or about October 1, 2008, and continuing through on or about March 1, 2010, in the Middle District of Tennessee and elsewhere, **KIRK DOUGLAS WEST, aka Kirk R. Leipzig,** executed and attempted to execute a scheme and artifice to defraud Reliant Bank and to obtain money and property owned by and under the custody and control of Reliant Bank, by means of false and fraudulent pretenses and representations.

4. It was a part of the scheme that **KIRK DOUGLAS WEST, aka Kirk R. Leipzig,** representing himself to be a real estate investor, sought to obtain loans from Reliant Bank for the financing of real estate purchases and to refinance real estate loans.

5. It was further a part of the scheme that **KIRK DOUGLAS WEST, aka Kirk R. Leipzig,** sought to influence Reliant Bank by inflating his income and net worth on personal financial statements and/or loan application documents that he submitted to the bank.

6. It was further a part of the scheme that **KIRK DOUGLAS WEST, aka Kirk R. Leipzig,** in order to support his misrepresentations concerning his income and net worth, submitted fraudulent and forged documents to Reliant Bank, including, but not limited to, a consulting agreement purporting to guarantee income of approximately $300,000 for a multiple year period, along with W-2 forms, a pay stub and income tax returns.

7. On or about the dates below, with respect to each count, **KIRK DOUGLAS WEST, aka Kirk R. Leipzig,** did, for the purpose of executing and attempting to execute the above described scheme, knowingly caused funds in the amounts set forth below to be disbursed from Reliant Bank, as a result of loans obtained in relation to the properties described below:

| Count | Date | Amount | Property |
| --- | --- | --- | --- |
| 1 | 12/4/2008 | $610,000 | 9569 Hampton Reserve Drive Brentwood, Tennessee |
| 2 | 3/1/2010 | $1,600,000 | 4303 Harding Place Nashville, Tennessee |

In violation of Title 18, United States Code, Section 1344.

## FORFEITURE ALLEGATIONS

1. Upon conviction of the offenses alleged in Counts One through Three of this Information, **KIRK DOUGLAS WEST, aka Kirk R. Leipzig,** shall forfeit to the United States, pursuant to Title 18, United States Code Section, 982(a)(2)(A), any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such violations,

including but not limited to a money judgment in the minimum amount of $883,574.25 as proceeds of the violations.

2. If, as a result of any act or omission of **KIRK DOUGLAS WEST, aka Kirk R. Leipzig,** any property subject to forfeiture:

   a. cannot be located upon exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the Court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property, which cannot be divided without difficulty,

it is the intent of the United States to seek the forfeiture of any other property of **KIRK DOUGLAS WEST, aka Kirk R. Leipzig,** up to the value of the forfeitable property described above as substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c), including but not limited to a money judgment in the minimum amount of $883,574.25.

DAVID RIVERA
United States Attorney for the
Middle District of Tennessee

SANDRA G. MOSES
Assistant United States Attorney